by the former to the latter. The evidence fully sustains the verdict for appellee and the judgment is affirmed. Opinion by LACEY, P. J. Judge below, J. J. GLENN. Attorneys, for appellant, Messrs. KIRKPATRICK & ALEXANDER; for appellee, Messrs. GRIER & DRYDEN. Opinion filed April 5, 1886.

No. 1444. Rock Island & Peoria Ry. Co. v. Reed. In this suit appellee recovered a judgment in the Stark Circuit Court against the appellant corporation for $160, the value of a horse of his, claimed to have been killed on the track of the railway by the engine and cars running thereon. The road is constructed through the farm of appellee, and his corn or stockfield was located on the west side of it, and the negligence imputed to appellant was its failure to erect and maintain on the side of its road adjoining such field a fence suitable and sufficient to prevent stock from getting on the railroad. The jury were fully and fairly instructed, and the court is unable to say their verdict was wrong. Judgment affirmed. Opinion by BAKER, J. Judge below, F. M. SHAW. Attorneys, for appellant, Mr. T. E. NEILCHRIST; for appellee, Mr. C. K. LADD. Opinion filed April 5, 1886.

No. 1439. C., B. & Q. R. R. Co. v. Blake. The appellee sued appellant to recover the value of three horses that were killed and one injured by the locomotive of the appellant striking them on the railroad track of the appellant on the farm of appellee, about the first day of March, 1881. The occasion of the horses getting on the track was, as is charged, the failure of appellant to maintain a fence on each side of its railroad track, as required by law. Verdict for appellee. After a careful examination of the evidence the court finds no valid objection to the verdict of the jury or the giving or refusing instructions on the part of the court, and affirms the judgment. Opinion by LACEY, P. J. Judge below, HIRAM G. GILBERT. Attorneys, for appellant, Messrs. RICHOLSON & GENTLEMAN and Mr. O. F. PRICE; for appellee, Messrs. DUNCAN & O'CONNOR. Opinion filed April 5, 1886.

No. 1457. Goodwin v. Dawson. This was a suit by appellee against the appellant to recover the value of wages and of boarding the work hands of the appellant, in which suit the former recovered the sum of $200. The error assigned against the judgment by the appellant is that the verdict is

manifestly against the weight of the evidence. The court has examined the evidence with care, and after giving the appellee the benefit of the verdict of the jury which the law allows him it is unable to say that the verdict should be disturbed, or that it was manifestly against the weight of the evidence. Judgment affirmed. Opinion by LACEY, P. J. Judge below, J. N. ORR. Attorneys, for appellant, Messrs. RICHARDSON BROS.; for appellee, Messrs. LAKE & POTTER. Opinion filed April 5, 1886.

No. 1429. Johnson v. Cippery. This action was originally commenced in replevin by appellee against appellant, to recover the possession of 1,750 bushels of oats, possession of which was claimed by virtue of the statutory landlord's lien, claimed by appellee to exist in his favor on the oats. The oats not being found, the appellee filed his count in trover. The appellee recovered a judgment against the appellant, in the court below, in the sum of $200, from which this appeal is taken. Appellee, in October, 1882, leased certain lands to one Henry Brown, the term commencing Oct. 1, 1882, and ending March 1, 1884, at an annual rent of $730, payable Aug. 1, 1883. In February, 1883, the time of payment was changed, making $365 due October 1st, and the balance due Jan. 1, 1884. On the 16th August, Brown informed appellee he had contracted his oat crop raised on the leased premises to one Moore, a dealer in grain. Appellee objected to the sale unless he gave him an order on the warehouseman for the money arising from the sale. On the following day appellee took out a distress warrant under Sec. 35, Chap. 80, R. S., and placed it in the hands of Baxter to serve, and on the same day Baxter served it by reading to Brown, but did not remove the oats. On the 20th August, 1883, appellant bought the oats of Brown under circumstances that would hold him to notice that appellee's rent had not been paid, and that a lien existed in his favor, and for the 1,750 bushels of oats paid the sum of $456.56. On the 10th September the appellee demanded of appellant the oats, but was refused. Brown abandoned the premises about the 10th day of September, 1883; appellee took possession of the crops remaining on the premises, only realizing therefrom the sum of $329.29 leaving a balance of $400.71, his due for rent. The point is made by